UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN GRADY NOKES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.   4:11-cv-00456 |
| | ) | |
| | ) | |
| PLAZA ASSOCIATES, INC. | ) | |
| | ) | |
| Defendant, | ) | |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

JONATHAN GRADY NOKES, ("Plaintiff"), through the undersigned counsel, Dave Lilley, alleges the following against PLAZA ASSOCIATES, INC., ("Defendant"):

### INTRODUCTION

1.     This is an action for actual and statutory damages brought by Plaintiff, Jonathan Grady Nokes, an individual consumer, against Defendant, Plaza & Accociates, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

PARTIES

3.      Plaintiff, Jonathan Grady Nokes, is a natural person with a permanent residence in Lake Dallas, Denton County, Texas 75065.

4.      Upon Information and belief the Defendant, Plaza Associates, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 710 Penn Plaza, Manhattan, New York County, New York 10001. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

FACTUAL ALLEGATIONS

6.      Upon information and belief, Defendant began placing collection calls to Plaintiff in or before April of 2011.

7.      The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8.      On May 19, at aproximately2:00 post meridian time, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, " If you don't pay we will move forward with court proceedings and garnish your wages along with your mother Jackie."

9.      Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

10.     Defendant is a debt collection company and as a debt collection company collection to collect on a private loan, Defendant can only refer the matter back to the creditor with a recommendation that they attempt garnishment.

11.     The representations made to Plaintiff by Defendant regarding garnishment were false.

12.     Defendant has no standing to commence a lawsuit on behalf of the creditor.

13.     Defendant is a debt collection company and as a debt collection company collection to collect on a private loan, Defendant can only refer the matter back to the creditor with a recommendation that they file a lawsuit.

14.     The representations made to Plaintiff by Defendant regarding lawsuit were false.

15.     The natural consequences of Defendant statements was to harass and abuse the listener for her non-payment of the debt she allegedly owes.

## CLAIM FOR RELIEF

16.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

> (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

> (c) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

3

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection  the alleged debt; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

18.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Jonathan Grady Nokes, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Plaza & Associates, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, Jonathan GRADY NOKES, demands trial by jury in this action.

[ELECTRONIC SIGNATURE ON NEXT PAGE]

4

This 20th day of July, 2011.

ALEX SIMANOVSKY & ASSOCIATES, LLC

_____*/s/ Dave Lilley*_____
Dave Lilley, Esq.
TX Bar No. 24035064
Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone:  1-866-865-3666, Ext. 1056
Fax:  877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone:  (770) 414-1002, Ext. 1012
Fax:  (770) 414-9891